| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 4:13-CR-142 |
| | § | |
| BRYAN EUGENE GARNER | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Bryan Eugene Garner's ("Garner") *pro se* Motion Under Federal Rule of Civil Procedure 60(b)(4) (#45), wherein Garner seeks relief from his conviction under 18 U.S.C. § 922(g)(1), claiming it is contrary to law and therefore void. Having considered the pending motion, the record, and the applicable law, the court is of the opinion that the motion should be DENIED.

I.   Background

On December 17, 2013, Garner pleaded guilty to the sole count of the Indictment, Felon in Possession of Firearms, in violation of 18 U.S.C. § 922(g)(1). As a part of his plea agreement, Garner stipulated that prior to knowingly possessing the firearms identified in the Indictment, he was convicted of a felony offense, Burglary of a Habitation, on March 25, 2004, in the 367th Judicial District Court of Denton County, Texas, Cause No. F-2003-1897-E, and that the firearms he possessed had traveled in interstate or foreign commerce as defined in 18 U.S.C. § 921(a)(2). On April 9, 2014, the court sentenced Garner to 105 months' imprisonment, to be served consecutively to any sentence imposed in a state court case, Cause No. F-2013-1344-E, then pending in the 367th Judicial District Court of Denton County, followed by 3 years of supervised release. Garner was later convicted by a jury and sentenced to life imprisonment in Cause No.

F-2013-1344-E for Indecency with a Child and Continuous Sexual Abuse of a Young Child,[1] and he is currently in the custody of the Texas Department of Criminal Justice. On November 3, 2016, Garner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which the court dismissed without prejudice for failure to prosecute on June 26, 2017.

In the motion pending before the court, Garner claims that his conviction for Felon in Possession of Firearms, in violation of 18 U.S.C. § 922(g), is contrary to the laws of the United States. He asserts that his possession of firearms was legal under Texas Penal Code § 46.04(a) and that the court did not have jurisdiction to adjudicate the case.

II.   Analysis

   A.   Inapplicability of Federal Rules of Civil Procedure to Criminal Proceedings

Citing Rule 60 of the Federal Rules of Civil Procedure, Garner now seeks relief from what he terms a void judgment. Garner's reliance on Rule 60 is misplaced, however, as this is a *criminal* proceeding. *See* FED. R. CIV. P. 1 ("These rules govern the procedure in all *civil* actions and proceedings in the United States district courts[.]" (emphasis added)); *United States v. Moore*, 671 F. App'x 349, 350 (5th Cir. 2016) ("The rules of civil procedure do not apply in criminal cases"), *cert. denied*, 137 S. Ct. 2103 (2017); *see also United States v. Rico*, 797 F. App'x 176, 176 (5th Cir. 2020) ("Rule 60 does not apply in criminal proceedings." (citing *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1991))); *United States v. Fuller*, 459 F. App'x 346, 346 (5th Cir. 2012) ("Rule 60(b) [of] the Federal Rules of Civil Procedure do[es] not apply to criminal cases."); *United States v. Pulliam*, No. 414CR00156MACCAN, 2017 WL 6016305, at *2 (E.D.

---

[1] Garner's conviction was affirmed in *Garner v. State*, No. 02-15-00171-CR, 2016 WL 4247970 (Tex. App.—Fort Worth Aug. 11, 2016, pet. ref'd), and his petition under 28 U.S.C. § 2254 is currently pending in *Garner v. Director TDCJ-CID*, No. 4:18-CV-515 (E.D. Tex. filed July 19, 2018).

Tex. Oct. 18, 2017) (ruling that the court would not consider defendant's petition under Rule 60(b) of the Federal Rules of Civil Procedure, because the civil rules "do not provide a vehicle by which [a defendant] may challenge her criminal conviction in her criminal cause"); *Hinojosa v. Gonzales*, No. M-08-96, 2012 WL 3562404, at *1 (S.D. Tex. July 28, 2012) ("Long-standing precedent indicates that Rule 60(b) of the Federal Rules of Civil Procedure cannot be used in criminal cases."). In short, Rule 60(b) does not provide relief from a criminal judgment, as sought by Garner.

B.  Challenges to Felon in Possession of a Firearm Statute—18 U.S.C. § 922(g)(1)

Section 922(g)(1) makes it unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year," to possess a firearm that has been shipped or transported in interstate or foreign commerce. 18 U.S.C. § 922(g)(1). The United States Court of Appeals for the Fifth Circuit has held it is relevant only whether a defendant is a convicted felon at the time he possessed the firearm. *See United States v. Lim*, 897 F.3d 673, 683 (5th Cir. 2018) ("[O]ne's status as a convicted felon should cease only when the conviction upon which that status depends has been vacated."), *cert. denied*, 139 S. Ct. 852 (2019); *United States v. Hicks*, 389 F.3d 514, 535 (5th Cir. 2004) ("Congress clearly intended that the defendant clear his status [as a convicted felon] before obtaining a firearm." (quoting *Lewis v. United States*, 445 U.S. 55, 64 (1980))).

Garner asserts that Texas Penal Code § 46.04(a) decriminalizes the possession of a firearm at the premises where the person resides, commencing five years after the anniversary of a convicted felon's discharge of his sentence. Garner contends that he discharged his sentence for his state court felony offense on December 29, 2006, and, therefore, the State of Texas had given

him permission to possess firearms in his home when he was arrested by agents and deputies on May 7, 2013. Garner cites the Tenth Amendment to the United States Constitution for the proposition that states have the right to establish their own laws, so long as those laws do not violate the laws of the United States, in support of his argument. Garner further asserts that once a firearm that has traveled in interstate commerce "comes to rest" at its final destination, it no longer affects interstate commerce, and unless the firearm is used to commit a crime, thereby placing it back into interstate commerce, the federal government lacks jurisdiction.

Garner's arguments lack merit. The government is not required to prove, under Texas law, that a defendant's possession of a firearm is illegal because that is irrelevant to a conviction under § 922(g). *United States v. Massey*, 849 F.3d 262, 264 (5th Cir.), *cert. denied*, 138 S. Ct. 500 (2017). "The statute contains no requirement that the possession be illegal under state law. Texas law is relevant only to evaluating the applicability of [a defendant's] prior conviction." *Id.* at 265. Moreover, Garner cites no authority for the proposition that federal laws do not apply to a firearm that "comes to rest" within a state. The Fifth Circuit has held otherwise, stating: "The jurisdictional element of Section 922(g)(1) includes circumstances in which the possession of the firearm was intrastate, but the firearm had previously traveled in interstate commerce, including from the place it was manufactured to the place of the relevant possession." *Id.* at 264 (citing *United States v. Rawls*, 85 F.3d 240, 243 (5th Cir. 1996)).

To the extent Garner is arguing that Texas Penal Code § 46.04 restored his right to possess firearms in his home and, therefore, the restoration-of-rights exception in 18 U.S.C. § 921(a)(20) exempted him from the prohibition of § 922(g)(1), his position must be rejected. Section

921(a)(20), which sets forth the definition of a "crime punishable by imprisonment for a term exceeding one year," states:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

The defendant bears the burden of showing that the predicate felony conviction for a § 922(g)(1) charge falls within the exception. *Massey*, 849 F.3d at 265 (citing *United States v. Huff*, 370 F.3d 454, 458-59 (5th Cir. 2004)); *see United States v. Wise*, 221 F.3d 140, 148 (5th Cir. 2000) ("It is a 'well-established rule of criminal statutory construction that an exception set forth in a distinct clause or provision should be construed as an affirmative defense and not as an essential element of the crime.'" (quoting *United States v. Santos-Riviera*, 183 F.3d 367, 370-71 (5th Cir.), *cert. denied*, 528 U.S. 1054 (1999))), *cert. denied*, 532 U.S. 959 (2001).

The court uses a two-part test, applying the law of the convicting jurisdiction, to determine whether the restoration-of-rights exception applies. *United States v. Washington*, 544 F. App'x 365, 367 (5th Cir. 2013); *United States v. Chenowith*, 459 F.3d 635, 638 (5th Cir. 2006); *United States v. Daugherty*, 264 F.3d 513, 515-16 (5th Cir. 2001), *cert. denied*, 534 U.S. 1150 (2002); *United States v. Dupaquier*, 74 F.3d 615, 617 (5th Cir. 1996); *United States v. Thomas*, 991 F.2d 206, 213 (5th Cir.), *cert. denied*, 510 U.S. 1014 (1993). First, the court considers whether a felon's civil rights—namely, the rights to vote, hold office, and serve on a jury—have been sufficiently restored to invoke the restoration-of-rights exception. *Washington*, 544 F. App'x at 367; *Chenowith*, 459 F.3d at 638; *see Logan v. United States*, 552 U.S. 23, 28 (2007) (citing

*Caron v. United States*, 524 U.S. 308, 316 (1998)); *United States v. Rodriguez*, 590 F. App'x 430, 431 (5th Cir.), *cert. denied*, 135 S. Ct. 2367 (2015). Second, if such rights were restored sufficiently, the court considers whether the "unless clause" applies because the defendant was nevertheless expressly deprived of the right to possess a firearm. *Washington*, 544 F. App'x at 367; *Chenowith*, 459 F.3d at 638; *Thomas*, 991 F.2d at 213.

Here, there is no indication that Garner's Texas state court conviction for Burglary of a Habitation, the predicate conviction for his § 922(g)(1) violation, was expunged or set aside or that he was pardoned or had his civil rights restored through some action particular to him. Furthermore, Texas does not have an express, generalized restoration of a felon's civil rights nor does Texas restore all three of a felon's key civil rights—the rights to vote, hold office, and serve on a jury. *Huff*, 370 F.3d at 459-61 (citing *United States v. Dupaquier*, 74 F.3d 615, 618 (5th Cir. 1996)); *Thomas*, 991 F.2d at 214. The fact that Texas law does not deny felons the right to possess firearms in their homes is not the functional equivalent of restoring their civil rights. *Huff*, 370 F.3d at 459; *Thomas*, 991 F.2d at 214. Thus, Texas Penal Code § 46.04 does not make the § 921(a)(20) exception available to Garner. *Rodriguez*, 590 F. App'x at 431; *Huff*, 370 F.3d at 460-61.

To the extent that Garner challenges the constitutionality of § 922(g)(1) under the Tenth Amendment, his argument is foreclosed by Fifth Circuit precedent. *United States v. Darrington*, 351 F.3d 632, 634 (5th Cir. 2003) (recognizing that § 922(g)(1) is a valid exercise of congressional authority to regulate interstate commerce that is not inhibited by the Tenth Amendment), *cert. denied*, 541 U.S. 1080 (2004); *see Massey*, 849 F.3d at 865 (emphasizing that the Fifth Circuit and the Supreme Court of the United States have upheld the constitutionality of

"longstanding prohibitions on the possession of firearms by felons" (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)); *Rodriguez*, 590 F. App'x at 431 (collecting cases). Because Garner stipulated to the truth and accuracy of all the elements under 18 U.S.C. § 922(g)(1) when pleading guilty to the offense, he was rightfully convicted and sentenced under federal law relating to felons in possession of firearms.

III.     Conclusion

Consistent with the foregoing analysis, Garner's *pro se* Motion Under Federal Rule of Civil Procedure 60(b)(4) (#45) is DENIED.

SIGNED at Beaumont, Texas, this 24th day of July, 2020.

                                                                                    _____
                                                                                         MARCIA A. CRONE
                                                                                    UNITED STATES DISTRICT JUDGE